

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2005

# Hugh v. Butler Cty Family

Precedential or Non-Precedential: Precedential

Docket No. 04-1459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hugh v. Butler Cty Family" (2005). *2005 Decisions.* Paper 610.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/610

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1459

CHERIE HUGH,

Appellant

v.

BUTLER COUNTY FAMILY YMCA

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-02179)
District Judge: Honorable Maurice B. Cohill, Jr.

Argued on 1/11/05

Before: ROTH, and CHERTOFF*, <u>Circuit Judges</u>
and SHAPIRO**, <u>District Judges</u>.

---

\*Judge Chertoff heard oral argument in this case but resigned prior to the time the opinion was filed.   The opinion is filed by quorum of the panel.   28 U.S.C. § 46(d).

\*\*Honorable Norma L. Shapiro, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

(Opinion filed: August 12, 2005)

NEAL A. SANDERS, Esquire (ARGUED)
1924 North Main Street Ext.
Butler, PA    16001

Attorney for Appellant


Adam M. Barnes, Esquire (ARGUED)
Trisha A. Zaken, Esqiure
Paul J. Walsh, III, Esquire
Walsh, Collins & Blackmer
707 Grant Street
Suite 1400, The Gulf Tower
Pittsburgh, PA   15219

Attorneys for Appellee

---

OPINION OF THE COURT

---

**ROTH**, Circuit Judge:

This case is an appeal from the District Court's grant of summary judgment for Defendant Butler County Family YMCA in a gender-based employment discrimination suit

2

brought by a former employee, Cherie Hugh.

## I.  Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction of this case pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* and 28 U.S.C. § 1331.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's grant of summary judgment and apply, *de novo*, the same standard that the District Court applied.  Doe v. Cty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001).  A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and "the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citing Fed. R. Civ. P. 56(c)).  Where the defendant is the moving party, the initial burden is on the defendant to show that the plaintiff has failed to establish one or more essential elements to her case.  Celotex, 477 U.S. at 323-24.  On a motion for summary judgment, a district court must view the facts in the light most favorable to the non-moving party and must make all reasonable inferences in that party's favor. See Marzano v. Computer Sci. Corp., 91 F.3d 497, 501 (3d Cir. 1996).

To survive a motion for summary judgment, the non-moving party cannot solely rest upon her allegations in the pleadings, but rather must set forth specific facts such that a reasonable jury could find in the non-moving party's favor, thereby establishing a genuine issue of fact for trial.  Fed. R. Civ. P. 56(e).  While the evidence that the non-moving party presents may be either direct or circumstantial, and need not

be as great as a preponderance, the evidence must be more than a scintilla.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**II.    Background**

In January 1998, Hugh was hired as a part time volunteer recruiter by the Butler County Family YMCA and, in June 1999, she was made a full time volunteer coordinator. In May 2000, she was named Director of the Big Brothers, Big Sisters program at the YMCA.  In April 2001, Hugh was informed that she was being terminated for poor performance because she was lacking in leadership skills.  Specifically, Hugh's supervisor stated that she was terminated because she had cancelled a meeting, because a sign for the program had not been completed, and because she had dressed inappropriately for a meeting.  In neither the termination letter nor a subsequent termination meeting did the YMCA inform Hugh that she was being terminated due to her lack of qualifications for the position.

The YMCA's Employee Handbook specifically requires an employee's supervisor to attempt to resolve any problems and provide written notification prior to termination. Hugh received no negative performance reviews or criticisms, by written notification or otherwise, prior to her discharge. Hugh was replaced by a male employee at a higher salary than Hugh had been paid.

Hugh timely filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter in August 2001.  She then filed this complaint seeking back pay, front pay, and compensatory damages.

4

### III.  Summary Judgment

In granting summary judgment for the YMCA, the District Court concluded that Hugh did not establish a prima facie case of discrimination because she admitted that she was not initially qualified for the position.  The District Court did not reach the question of whether the YMCA's reasons for termination were pretextual.  Hugh contends that the District Court erred in both regards.  We agree.

To prevail on her Title VII claim, Hugh must initially prove a prima facie case by showing that she is a member of a protected class, qualified for the job from which she was discharged, and that others, not in the protected class, were treated more favorably.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-3, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  If Hugh establishes a prima facie case, the burden shifts to the YMCA to set forth a legitimate non-discriminatory reason for the discharge.  Id. at 804-5.  If the YMCA does so, then Hugh must show that the reasons asserted are a pretext for discrimination.  To withstand a motion for summary judgment, Hugh must make a prima facie showing of discrimination and point to "evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence.  Sorba v. Penn Drilling Co., 821 F.2d 200, 205 (3d Cir. 1987).

### A.  Prima Facie Case

The job description for Director of the Big Brothers, Big Sister program included the requirement that the applicant have a degree in social work and experience as a caseworker.  The YMCA knew that Hugh did not have either of these qualifications when it hired her for the position.  The YMCA

5

states that it hired Hugh despite her lack of a degree and caseworker experience because it wanted to give her a chance to do the job, based on her experience in her previous positions with the YMCA. The YMCA argued to the District Court, and argues here, that because Hugh did not meet these qualifications, she was not qualified for the position and thus cannot present a prima facie case of discrimination.

The YMCA relies on a single case for the proposition that objective qualifications for a position should be considered in evaluating an employee's prima facie case. Weldon v. Kraft, Inc., 896 F.2d 793 (3d Cir. 1990). In Weldon, there was no dispute over whether the employee possessed the background qualifications for the position for which he was hired. Rather, the employer contended that the legitimate reason for the employee's termination was that he did not possess subjective qualities such as leadership, productivity, and efficiency. We held that those subjective qualities were not a necessary part of the employee's prima facie case. Instead, these qualities were appropriately considered at the second stage of the analysis, when considering whether the lack of these qualities was a pretext for discriminatory termination. Weldon, 896 F.2d at 798-99. The holding in Weldon does not control the outcome here because of the difference in the facts of this case. Here, the issue is whether Hugh met the objective qualifications of the position for which she was hired and whether, having hired Hugh, the YMCA can now justify its termination by pointing to a lack of objective qualifications.

Contrary to the District Court's determination, we have found that satisfactory performance of duties, leading to a promotion, does establish a plaintiff's qualification for a job.

6

Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989). Although the facts of Jalil were not identical to those here, the principle is the same. The YMCA chose to promote Hugh, despite her lack of a degree and of caseworker experience. It is a fair inference that the decision to promote Hugh was based on her satisfactory performance in her two previous positions with the YMCA. Once the YMCA made this choice, it was deeming Hugh's prior satisfactory performance sufficient qualification for the position of Director of the Big Brothers, Big Sisters program.

The YMCA, having promoted Hugh with full knowledge of her background, cannot now say that she was unqualified for the position, her promotion was an acknowledgment that she was qualified at the time. This conclusion would, of course, be different if Hugh had not disclosed information regarding her qualifications or if she had misrepresented her qualifications. There are no such facts here, and the YMCA admits that it had full knowledge of her background and qualifications. Thus, the District Court erred in concluding that Hugh did not establish a prima facie case because she admitted she did not meet the published qualifications for the Director position.

### B. Reasons for Discharge

Having found that Hugh did not demonstrate a prima facie case, the District Court did not reach the question of whether the YMCA's reasons for termination were pretextual. The YMCA argues that even if a prima facie case has been established, the reasons for termination were legitimate and non-discriminatory. Our review of the record does not bear out such a conclusion.

7

When a plaintiff, who was hired despite not possessing the objective qualifications listed in a job description, does not subsequently adequately perform her job, the employer can terminate the employee for performance-based reasons. For that termination to be proper, however, it must not be based on discriminatory motives. For example, if a supervisor had filed reports of unsatisfactory performance or had conversations with the employee about unsatisfactory performance before the termination occurred, that evidence would support a non-discriminatory finding. If, however, there was no such evidence and there was evidence of discriminatory behavior, then the employer's performance-based reasons could be found to be pretextual. If there are issues of fact with regard to either evidence of negative performance reviews or discriminatory behavior, then the determination of the disputed facts must go to the jury.

In this case, the record does not reflect any complaints or warnings to Hugh regarding her performance, despite the fact that the YMCA Employee Handbook requires supervisors to attempt to resolve problems through counseling or complaints prior to termination. In addition, Hugh has presented evidence of a series of interactions with her supervisors that suggest discriminatory motives. Specifically, the male members of the Advisory Council, the body to which Hugh reported, made program decisions without consulting Hugh, spoke around her at meetings, went to Hugh's male predecessor instead of her with questions, and generally treated Hugh with disrespect. In addition, the President of the Advisory Council refused to return Hugh's phone calls, a practice he did not engage in with Hugh's male predecessor. Finally, Hugh's male supervisor, who was also her

8

predecessor, had a series of conversations with Hugh focusing on the difference her gender would make in her new position, and specifically told Hugh that she should not take over his responsibilities interacting with the local Rotary Club.

The YMCA contends that there were two reasons for Hugh's discharge. First, in its pleadings in this case, the YMCA stated that it terminated Hugh because she did not have the requisite qualifications for her position. As discussed above, an employer cannot choose to promote an employee despite a known lack of qualifications and then rely on the lack of those qualifications as a reason for termination. Rather, the YMCA must show reasons for terminating Hugh based on her performance in the position.

Second, when the YMCA terminated Hugh, she was told that she was being terminated for poor performance, specifically for cancelling a meeting, not wearing appropriate attire to a meeting, and failing to order a new sign for the program. Prior to her termination, Hugh was never approached regarding these problems. In addition, Hugh presents evidence that these reasons are not entirely supported by the record, including evidence that Hugh had made alternate arrangements for the meeting, which was ultimately cancelled by her supervisor, and evidence that Hugh did order the new sign, but it had not yet been delivered.

Thus, as Hugh has presented evidence supporting the reasonable inference that the YMCA's reasons for her termination are pretextual, there are issues of fact regarding the reasons for Hugh's termination. Viewing the evidence in Hugh's favor, there is far more than a scintilla of evidence supporting her claim that she was terminated for discriminatory reasons. Accordingly, it is proper for a jury to

9

view this evidence and resolve whether Hugh was terminated for reasons based on her performance or based on discriminatory motives.

**IV.    Conclusion**

For the reasons stated above, the District Court erred in granting summary judgment for the YMCA based on the finding that Hugh had not proven a prima facie case. The District Court's grant of summary judgment will be reversed and the case will be remanded to the District Court for proceedings consistent with this opinion.