

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# Wiggins v. Heinz NA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4955

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wiggins v. Heinz NA" (2007). *2007 Decisions*. Paper 1005.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1005

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4955
_____

ALFONSO GREEN WIGGINS,

Appellant

v.

HEINZ NORTH AMERICA.; WILLIAM H. MCNEECE, Plant Manager; UNITED
FOOD AND COMMERCIAL WORKERS UNION LOCAL #56; ANTHONY R.
CINAGLIA, President; JACK SWIFT, Business Representative

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-06048)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2007

BEFORE: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

(Filed: June 5, 2007 )
_____

OPINION
_____

PER CURIAM

Alfonso Green Wiggins, proceeding <u>pro se</u>, appeals an order of the United States

District Court for the District of New Jersey granting motions for summary judgment

filed by Appellees, United Food and Commercial Workers Union, Local #56 ("Local 56"), Heinz North America ("Heinz"), and Heinz plant manager William McNeece, and denying Wiggins' cross-motion for summary judgment. For the following reasons, we will affirm.

Wiggins was a member of Local 56 during his employment on the third sanitation shift at Heinz's plant in Pennsauken, New Jersey. After consulting with officials from Local 56, Heinz decided to discontinue the third shift. Heinz held a meeting informing Wiggins and other members of the third shift of this decision and notifying them of their severance options under the collective bargaining agreement between Heinz and Local 56. The company also advised the affected employees to contact the company's human resources department if they wished to apply for a position in the first sanitation shift. Wiggins declined to do so, and thus his employment with Heinz terminated.

Wiggins filed a grievance with Local 56 challenging Heinz's decision to eliminate the third shift. Local 56 rejected the grievance as untimely. Shortly thereafter, Wiggins filed a complaint in the District Court alleging that Heinz's decision to discontinue third shift sanitation operations violated the terms of the collective bargaining agreement, and that Local 56 breached its duty of fair representation by secretly agreeing with Heinz to eliminate union jobs. The District Court construed the complaint as asserting two federal claims: (1) against Heinz under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; and (2) against Local 56 for violating the duty of fair representation implied

2

under the National Labor Relations Act. The District Court granted the motions for summary judgment filed by Local 56, Heinz, and McNeece, and denied Wiggins' cross-motion for summary judgment. The District Court also dismissed the complaint as against defendants Anthony Cinaglia and Jack Swift because those parties were not properly served. Wiggins now appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant or denial of summary judgment. See Carter v. McGrady, 292 F.3d 152, 157 (3d Cir. 2002). Our task is to determine whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56©; Natale v. Camden County Corr. Facility, 318 F.3d 575, 580 (3d Cir. 2003). A party opposing summary judgment must rest upon more than the allegations raised in the pleadings to create a genuine issue of material fact. See Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

We agree with the District Court that Wiggins' claims are barred because he did not exhaust the dispute resolution procedures stipulated in the collective bargaining agreement. See Vaca v. Sipes, 386 U.S. 171, 184-85 (1967); Bullock v. Dressel, 435 F.3d 294, 299 (3d Cir. 2006). Wiggins did not exhaust his claim against Heinz because his grievance challenging the company's decision to eliminate the third shift was not timely filed under the collective bargaining agreement. See Carr v. Pacific Maritime Ass'n, 904

F.2d 1313, 1317 (9th Cir. 1990) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965)). Article XXIII of the collective bargaining agreement between Heinz and Local 56 states that union employees must submit grievances no later than seventy-two hours after the challenged event. Wiggins did not comply with this requirement, as he waited more than one month after learning of Heinz's decision to eliminate the shift before filing a grievance challenging this decision. Furthermore, Wiggins has not shown sufficient grounds for excusing his failure to exhaust his claim against Heinz. See Vaca, 386 U.S. at 185-86 (noting exceptions to exhaustion requirement). Wiggins attempts to excuse his untimely filing by noting that he made several unsuccessful attempts to contact the union representative immediately after learning of Heinz's decision to eliminate the shift. However, it is unclear why Wiggins chose to pursue this course of action instead of filing a grievance with his immediate supervisor at the Heinz plant in accordance with the procedures outlined in Article XXIII of the collective bargaining agreement. In addition, Wiggins has not submitted any evidence in support of his assertion that he made repeated attempts to contact the union representative prior to filing the untimely grievance.

Wiggins' claim against Local 56 is also unexhausted because he never filed a grievance accusing union officials of colluding with Heinz to eliminate union jobs. To the extent that Wiggins argues he should be excused from exhausting his claim against Local 56 because the union cannot be trusted to fairly process this grievance, we reject this argument because such an allegation is not supported by anything in the record.

4

There is no indication that Wiggins even attempted to submit a grievance regarding the alleged misconduct by union officials.

Even if the claims were not defaulted, we agree with the District Court that Wiggins would not be able to prevail on their merits. Wiggins has not shown that Heinz's decision to end the third sanitation shift violated the collective bargaining agreement. Article III of the agreement vested management with authority to lay off employees, subject to the limitations provided in other sections of the agreement. The only apparent argument advanced by Wiggins is that Heinz's decision to lay off union employees on the third sanitation shift and replace them with non-union employees violated the non-discrimination provision located in Article IV of the collective bargaining agreement. In this provision, Heinz and Local 56 agree "that there shall be no discrimination in violation of any state, federal or local law." We reject Wiggins' claim that Heinz violated Article IV because he has not cited to any authority showing that the company's alleged favoritism of non-union workers amounted to illegal discrimination. Moreover, as noted by the District Court, nothing in the record supports Wiggins' claim that Heinz eventually restaffed the third sanitation shift with non-union workers.[1]

We also agree with the District Court's analysis of Wiggins' claim that Local 56

---

[1] Wiggins also cites to Article XXXIII of the collective bargaining agreement, which details Heinz's obligation to provide severance to laid off workers. The relevance of this section to the instant suit is unclear because it is undisputed that Heinz offered severance to the employees who were laid off as a result of the company's decision to end the third sanitation shift.

denied him fair representation. To demonstrate that Local 56 breached its duty of fair representation, Wiggins must show that the union's conduct toward him was arbitrary, discriminatory, or in bad faith. See Riley v. Letter Carriers Local No. 380, 668 F.2d 224, 228 (3d Cir. 1981). The record contains only unsupported allegations that representatives from Local 56 colluded with Heinz to eliminate union jobs. The District Court correctly determined that these statements, standing alone, are insufficient to withstand the motions for summary judgment. See Masy v. New Jersey Transit Rail Operations, Inc., 790 F.2d 322, 328 (3d Cir. 1986).

Finally, we reject the claims of procedural error that Wiggins asserts on appeal. For the foregoing reasons, we will affirm the judgment of the District Court.