NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4730
_____

DONALD KOVAC,
Appellant

v.

PENNSYLVANIA TURNPIKE COMMISSION;
MITCHELL RUBIN; GEORGE HATALOWICH;
MELVIN M. SHELTON; MARK ROWE
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-09-cv-00400)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  RENDELL, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: September 13, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Donald Kovac urges on appeal that the District Court erred in granting

summary judgment to the Defendants on Kovac's claims that he was terminated

from his job at the Pennsylvania Turnpike Commission because of his political

affiliation, or because he exercised his right to free speech, in violation of 42 U.S.C § 1983.[1]  We will affirm.[2]

## I.

Kovac was employed as a Labor Relations Manager by the Pennsylvania Turnpike Commission ("PTC") between April 2005 and November 2008, when he was terminated from his position.  He alleges that a confluence of events and conspiracies caused him to be fired in retaliation for either negative comments he made about U.S. Congressman Robert Brady to PTC Chief Executive Officer Joseph Brimmeier, or for his refusal to show loyalty to Teamsters Union Local 77 ("Local 77") when adjudicating union grievances.  In his complaint, Kovac named PTC and its Chairman Mitchell Rubin, Chief Operating Officer George Hatalowich, employee Melvin Shelton, as well as Local 77 Business Agent Mark Rowe ("Defendants").  Kovac alleges that because of his comments about Congressman Brady, or his disloyalty to Local 77 in resolving grievances, Rowe

---

[1] The original complaint also included a whistleblower claim filed under Pennsylvania state law, but that issue was dismissed by stipulation and agreement of all parties pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

[2] Our jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a District Court's decision to grant summary judgment.  *Hugh v. Butler Cnty Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005).  We apply the same test as the District Court: whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law.  *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994), *abrogated on other grounds by* *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231 (3d Cir. 1999).

and Shelton requested that PTC Chairman Rubin fire Kovac. Kovac further alleges that Rubin subsequently brought Defendant Hatalowich in on the scheme.

At the close of discovery, Defendants each moved for summary judgment.[3] After reviewing the evidence, the District Court held that a reasonable jury could not find that Kovac had satisfied the necessary elements of his claims. In particular, the District Court found Kovac had insufficient evidence of a link between his protected activities and the termination of his employment. As a result, the District Court granted summary judgment in favor of the Defendants. Kovac filed a timely appeal.

II.

To establish a claim for retaliation under 42 U.S.C. § 1983 based on political activity a plaintiff must demonstrate:

> (1) that the employee works for a public agency in a position that does not require a political affiliation, (2) that the employee maintained an affiliation with a political party, and (3) that the employee's political affiliation was a substantial or motivating factor in the adverse employment decision.

*Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 663-64 (3d. Cir 2002) (quoting *Robertson v. Fiore*, 62 F.3d 596, 599 (3d Cir. 1995) (internal quotation marks omitted)). Similarly, to establish a retaliation claim based on protected First Amendment activity under 42 U.S.C § 1983, "a plaintiff must allege two things: (1) that the activity in question is protected by the First Amendment and (2) that

---

[3] The three PTC employees shared the same legal counsel while Rowe was separately represented.

the protected activity was a substantial factor in the alleged retaliatory action."

*Hill v. Borough of Kutztown*, 455 F.3d 225, 241 (3d Cir. 2006).

The District Court granted summary judgment because Kovac failed to produce evidence upon which a reasonable jury could find that his protected activity was a substantial or motivating factor for his termination. As the District Court wrote:

> In summary, a reasonable jury could not conclude from this record that a "substantial or motivating reason" for Kovac's termination was due to retaliation by Defendants for Kovac's alleged protected activities. Evidence of the requisite causal link does not exist in this record.

(App'x 13.) Consequently, the sole issue before our Court is whether there was sufficient evidence upon which a reasonable jury could decide that there was a causal link between Kovac's alleged protected activity and the termination of his employment. To establish this casual link:

> [A] plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.

*Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). In the absence of these elements, we have held that evidence of causation may be "gleaned from the record as a whole." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000). In addition, summary judgment may be defeated when "a reasonable inference can be drawn that an employee's speech was at least one factor considered by an employer in deciding whether to take action against

4

the employee." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 795 (3d Cir. 2000). However, even if the protected activity is a factor, "the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Kovac's evidence consisted mainly of his own testimony. According to Kovac, Shelton and Rowe repeatedly threatened to have him fired, and increased their hostility towards him in the final year of his employment. In addition, Kovac asserts he made negative comments to Brimmier about Shelton and Congressman Brady, which somehow reached Shelton, Rowe, Hatalowich, and Brady's son, who also worked at PTC, and thereby caused Kovac to be fired. However, Kovac's testimony as to whether Rubin had any knowledge of Kovac's comments, or that he interacted with Shelton, or Rowe, or that Shelton and Rowe conspired with each other to have Kovac fired was vague, speculative and conclusory. There was little or no evidence to show that Brimmier and Hatalowich ever discussed the comments Kovac alleges he made to Brimmier.

The only corroborating evidence Kovac presented was that Hatalowich knew Shelton and Kovac had "conflicts and difficulties" in the past, that several years before his termination Shelton and Rowe may have pressured Kovac about certain union and political issues, and that PTC Hatalowich and Brimmier met with the head of Kovac's department about her budget and personnel plan before

5

any layoffs were announced.  This evidence is insufficient to create a genuine issue of material fact.  We agree with the District Court that there is simply too little support for a causal chain between Kovac's alleged protected activities and his termination for a reasonable jury to be able to infer that his termination was a retaliatory act caused by his protected activities.

In retaliation cases where we have found sufficient evidence to defeat summary judgment, the circumstantial causation evidence has been much stronger.  For example, in *Scranton* the plaintiffs' evidence of retaliation was sufficient to defeat summary judgment where the plaintiff was terminated for violating a local residency requirement while other similarly situated employees who had not engaged in protected activities were not terminated.  411 F.3d at 127.  Likewise, in *Merkle*, the protected activity was well documented, and objective evidence and disinterested testimony showed the alleged retaliatory action – a criminal prosecution – may have been caused by the plaintiff's decision to engage in protected activity.  211 F.3d at 795.  Similarly, in *San Filippo v. Bongiovanni*, we found the evidence sufficient to defeat summary judgment where there had been public statements by a terminated employee's superior that he "might have been treated differently," had "he behaved better earlier in terms of his relations with his colleagues."  30 F.3d 424, 434 (3d Cir. 1994).

In each of these cases, there was sufficient evidence to create a genuine issue of material fact as to whether the actions were triggered by a desire to retaliate against the plaintiff for engaging in protected activity.  In contrast, in the

6

instant case, there is no evidence of a similar nature.  Instead, Kovac's case is

analogous to *DeFlaminis*, where we upheld summary judgment, because there was

simply no evidence in the record to support an inference of causation.  *See* 480

F.3d at 272.[4]

We need not address Defendants' contention that Kovac was terminated

along with others for budgetary reasons – and due to his poor performance –

because Kovac's failure to offer sufficient evidence of causation dooms his case.

III.

For the foregoing reasons, we will affirm the District Court's grant of

summary judgment.

---

[4] Kovac also urges that "how" he was terminated and the fact that his
unemployment benefits were contested after he was fired constitutes evidence of
causation.  We are not persuaded that this evidence helps Kovac satisfy his
burden.