NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3913
_____

RONALD TANGLE,
Appellant

v.

STATE FARM INSURANCE COMPANIES
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-08-cv-00112)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before: RENDELL, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: September 14, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Plaintiff Robert Tangle appeals from the District Court's grant of summary judgment to State Farm on Plaintiff Tangle's breach of contract claim. We will affirm.[1]

On May 16, 2007, Tangle's house was damaged in a fire. Tangle's property was insured by State Farm under a standard homeowner's policy. After the fire, Tangle submitted a claim to State Farm. On May 18, 2007, the Erie Bureau of Police reported to State Farm that Tangle was suspected of arson. An investigation by the Erie police and fire departments revealed the fire was ignited by a time-delay ignition device composed of a gasoline soaked electric blanket stuffed in a plastic container. Due to the suspicious nature of the fire, State Farm assigned Tangle's claim to its Special Investigation Unit, and hired an outside expert to investigate.

Between June and October 2007, State Farm contacted Tangle with a series of requests for documents and records relating to his claim. Tangle does not seriously contest that he was generally unresponsive to these requests, except with regards to a Personal Property Inventory ("PPI"), in which he documented an approximate loss of $37,983. On July 24, 2007, Tangle met with Dolak, a State Farm representative, who reviewed the PPI with Tangle. On August 20, 2007,

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's decision to grant summary judgment. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005). We apply the same test as the District Court: whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law. *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

State Farm sent a revised copy of the PPI to Tangle. The revisions indicated there were items State Farm was willing to pay for when the claim settled, and that there were "open" items on the list which needed further discussion before State Farm would pay for them.

On September 19, 2007, State Farm requested that Tangle submit to an examination under oath as part of its ongoing claim investigation. In subsequent letters to Tangle, State Farm explained the examination was necessary before his claim could be settled. After Tangle repeatedly failed to respond to State Farm's scheduling requests, they unilaterally scheduled the examination for November 19, 2007. Tangle eventually contacted State Farm about the examination, and at his request the examination was postponed until February 18, 2008.

On April 22, 2008, Tangle filed a two-count complaint against State Farm. The first count alleged State Farm had violated Pennsylvania's Unfair Insurance Practices Act by failing to pay his claim. Tangle's second count alleged State Farm's failure to pay the claim constituted a breach of contract. The matter was referred to a United States Magistrate Judge. After completing its claim investigation, State Farm issued Tangle a check for $46,459.62 on October 31, 2008. The payment included $40,448.04 for the actual cash value of the damage to his home, and $6,058.00 for the actual cash value of his personal property loss. Tangle deposited the check and did not subsequently amend his pleadings. State Farm moved for summary judgment.

On August 4, 2010, the Magistrate Judge filed a Report and Recommendation concluding that State Farm's motion for summary judgment should be granted as to both claims. The District Court adopted the Report and Recommendation. The Report and Recommendation determined that the bad faith claim could not succeed because State Farm had shown a reasonable basis for its action, and it had paid the claim, so the breach of contract claim could not succeed. Tangle filed a timely notice of appeal.

Although Tangle concedes that he agreed to dismiss his bad faith claim, the majority of his argument before us still sounds in bad faith. Tangle's brief now asserts State Farm breached their contract by violating an implied covenant of good faith and fair dealing. Similarly, he urges that he was not paid in full for his loss. However, Tangle never raised these arguments below, so we need not entertain them.

As a general rule, we do not review issues raised for the first time, unless prompted to do so by exceptional circumstances. *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 646-47 (3d Cir. 1998); *Abrams v. U.S. Department of the Navy*, 714 F.2d 1219 1221 n.5 (3d Cir. 1983). No exceptional circumstances exist in this case and Tangle's brief offers no argument on this point.[2] Tangle's appeal on the breach of contract claim must fail. His complaint avers only that the failure

---

[2] There is also a significant legal question as to whether Pennsylvania law implies a covenant of good faith and fair dealing in every contractual relationship. However, we need not reach that issue because Tangle's argument on that issue is not properly before us, and even if it was, there is no evidence showing a breach of an implied covenant of good faith and fair dealing.

to pay constituted a breach.  State Farm has now paid.  Tangle did not seek to

amend his complaint to aver any lack of good faith or any deficiency in the

amount paid.  Even if he had, he has adduced no evidence to support such a

claim.[3]  Accordingly, we will affirm.

---

[3] At Tangle's own deposition, he admitted that the PPI was "incomplete," and that items listed on the form as being destroyed had actually been stolen after the fire. Therefore, Tangle needed some other evidence to specifically show what his loss was to avoid summary judgment.  However, Tangle produced no additional evidence.  Thus not only are we are left in the dark about the total loss Tangle believes he suffered, we are also left in the dark about what evidence Tangle could possibly use to prove that his personal property losses exceeded State Farm's estimate.  Tangle did not submit an affidavit declaring the amount of his losses. No one else who was living in his home testified about its contents. There are no receipts to document the items Tangle had in his home before the fire.  There are no documents demonstrating that Tangle made an effort to acquire any receipts. In addition, there is nothing to show that State Farm's calculations were inaccurate or unreasonable.  In sum, Tangle produced no evidence showing he suffered any damage, much less evidence with which his damages could be calculated "to a reasonable certainty" as required by Pennsylvania law. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225-26 (3d Cir. 2003)(internal citations omitted).