NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4501
_____

JEFFREY HARLEY,
Appellant

v.

UNITED STATES SECRETARY OF THE TREASURY,
AN AGENCY OF THE UNITED STATES GOVERNMENT,
JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-07-cv-03559)
District Judge: Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before: RENDELL, JORDAN and BARRY, <u>Circuit</u> <u>Judges</u>.

(Opinion Filed: September 15, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Jeffrey Harley appeals from the District Court's grant of summary judgment

against him, contending that the Court erred in considering the facts relating to his

retaliation claims as separate and discrete acts rather than as a pattern of ongoing

harassment, and in concluding that Harley had not satisfied the second and third prongs of his prima facie case.  We will affirm.[1]

Harley is an African American male who previously sued the defendant for race discrimination, harassment and retaliation.  The case was settled,  providing Harley with money and a promotion to a GS-11 position, and, Harley contends, promotion potential to GS-12.  When the promotion did not materialize Harley filed an EEO complaint and then another lawsuit, which was subsequently dismissed for  failure to aver an adverse employment action under Title VII.  The instant complaint is based on a series of 6 EEO complaints filed thereafter, between November 2002 and October 2006.

"Reading the complaint and EEO documents generously in Plaintiff's favor", the District Court considered the myriad retaliatory acts urged by Harley – setting forth 15 distinct instances of discrimination and/or retaliation.  App. 19.  It then analyzed them at length under hostile work environment, racial discrimination and retaliation rubrics in a detailed 45 page opinion.

On appeal, Harley complains that the District Court should have considered the defendant's conduct as a continuous pattern of discrimination and retaliation, not as

---

[1] Our jurisdiction over this matter is proper pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a District Court's decision to grant summary judgment.  *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005).  We apply the same test as the District Court: whether there is a genuine issue of material fact, and, if not, whether the moving party is entitled to judgment as a matter of law.  *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994), *abrogated on other grounds by Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 235-36 (3d Cir. 1999).

separate and discrete acts, and that the District Court erred in concluding that Harley had not satisfied the second and third prong of his prima facie case. We disagree. Harley focuses on the District Court's handling of the Title VII retaliation claims which Harley terms his "retaliatory hostile work environment" claims. He urges that the retaliatory acts by different individuals over an 11 year period created an ongoing hostile work environment and a pattern of harassment that established an adverse employment action.

Harley's attempt to "morph" hostile work environment and retaliation causes of action into one does not alter the fact that he has not satisfied the specific requirements for either. For a hostile work environment claim to succeed, the conduct complained of must be adverse, severe, pervasive or regular and of the kind that would have detrimentally affected a reasonable person in like circumstances. *Hudson v. Procter & Gamble Paper Products Corp.,* 568 F.3d 100, 104 (3d Cir. 2009). The separate discrete instances cited by Harley – specifically, "glares" directed at him at the Cherry Hill office between 1996 and 1998, and two e-mails sent to him in 2004 – were held by the District Court to not rise to the level required. We agree.

With respect to his claims of retaliation, Harley had to satisfy the three prongs of the prima facie case: (1) plaintiff engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 341-42 (3d Cir. 2006).

And, as the District Court noted, we must separate significant harms from trivial ones in assessing whether the employer's actions were materially adverse. *Id.* at 346. While acknowledging that his EEO complaints, lawsuits and complaints to supervisors constituted protected activity, the District Court concluded that Harley had failed to show an adverse employment action and/or causation. In so deciding, the District Court reviewed every action complained of and determined that, with the exception of two of the claims, the actions were either not significantly adverse, or were not adequately supported in the record. The Court then examined whether the causal connection prong was satisfied with respect to those two claims – exclusion from Suspicious Activity Report (SAR) team meetings, and the Treasury Inspector General for Tax Administration (TIGTA) investigation into Harley's worker's compensation request. The District Court noted that the connection can be shown by the temporal proximity of the protected activity and the retaliatory conduct, or, lacking that, if there is evidence of intervening antagonism or retaliatory animus, or evidence that, as a whole, gives rise to an inference of discriminatory retaliation. *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 279-81 (3d Cir. 2000) . The District Court found that none of these tests were met.

Notwithstanding Harley's urgings to the contrary, we conclude that the District Court's analysis was comprehensive and its reasoning was correct. We find no error.

Accordingly, we will affirm.