**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1868
_____

RICHARD W. ILLES, SR.,
                                    Appellant

v.

KEVIN DEPARLOS, Individually and in Official Capacity as Warden
of Lycoming County Prison; STEVEN BLANK, Individually and in
Official Capacity as Deputy Warden of Lycoming County Prison
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 09-01166)
District Judge:  Honorable William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2011
Before:  RENDELL, CHAGARES AND ALDISERT, Circuit Judges

(Opinion filed:  October 11, 2011)
_____

OPINION
_____

PER CURIAM

        Richard Illes, Sr., a prisoner incarcerated at the State Correctional Institution in

Albion, Pennsylvania, appeals from an order of the District Court granting summary

judgment on his civil rights claims on the basis that he failed to exhaust available

administrative remedies.  For the following reasons, we will vacate the District Court's

judgment and remand for further proceedings.

## I.

Illes was incarcerated at the Lycoming County Prison ("LCP") in 2003 while

awaiting trial on charges that he murdered his wife.  He was transferred to state prison

after he was convicted and sentenced in 2004, but returned to LCP on three occasions in

2008 and 2009, in connection with hearings on his petition for post-conviction relief.  On

those occasions, he was housed in the Special Management Unit ("SMU"), apparently

because he had attempted suicide at LCP in 2004 after being found guilty, which LCP

officials believed to have been a possible escape attempt.  Illes filed this lawsuit against

LCP's Warden and Deputy Warden, alleging that they retaliated against him and

otherwise violated his constitutional rights by placing him in the SMU.  He also alleged

that the conditions in the SMU were unconstitutional and that he was denied access to the

courts.

The defendants moved for summary judgment, arguing that Illes failed to exhaust

available administrative remedies and, alternatively, that Illes's claims failed on their

merits.  The Magistrate Judge recommended granting in part and denying in part the

motion, concluding that factual issues regarding the availability of LCP's grievance

process precluded summary judgment on the defendants' exhaustion defense.  After

considering the parties' objections to the Magistrate Judge's report, the District Court

granted summary judgment on the sole basis that Illes failed to exhaust available administrative remedies. Illes timely appealed.

## II.

The District Court possessed jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1441(b). We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. Curley v. Klem, 298 F.3d 271, 276 (3d Cir. 2002). "A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005) (quotations omitted).

A prisoner may not bring a lawsuit based upon unconstitutional prison conditions unless he first exhausts available administrative remedies. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). It is undisputed that Illes failed to comply with LCP's grievance policy; he filed one grievance with the Warden concerning his placement and conditions in the SMU, but he never appealed that grievance to the Lycoming County Prison Board as required for full exhaustion. The issue is instead whether LCP's administrative remedies were available to Illes.

Illes argues that LCP's remedies were unavailable because he was not permitted to possess an inmate handbook, which contained a description of the grievance process, or writing implements while housed in the SMU. Furthermore, he contends that his requests for a handbook were denied and that prison staff told him "there was no grievance

3

procedure at the prison" but that he could write to the Warden if he had concerns about his placement.[1] Indeed, he was only capable of filing the one grievance because a prison staff member sat with him while he wrote it. The defendants admit that Illes was not permitted to possess a handbook or writing implements while housed in the SMU. However, they contend that LCP's administrative remedies were available to Illes because he had been given a handbook in 2003, when he first entered the prison, and had access to that handbook until he was transferred away from LCP in 2004.

We have held that administrative remedies are unavailable when prison staff misinforms a prisoner about the relevant administrative procedures. See Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002). Furthermore, remedies that are not reasonably communicated to inmates may be considered unavailable for exhaustion purposes. See Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010) (recognizing "the importance of ensuring that inmates have avenues for discovering the procedural rules governing their grievances"); Goebert v. Lee Cnty., 510 F.3d 1312, 1323 (11th Cir. 2007) ("That which is unknown and unknowable is unavailable").

Here, Illes had no access to information about LCP's grievance process while he was incarcerated in the SMU in 2008 and 2009. Although administrative remedies are

---

[1] The relevant facts are supported by an affidavit that Illes submitted in support of his opposition to the defendants' first motion for summary judgment, which was denied without prejudice due to outstanding discovery disputes. Illes's opposition to the defendants' second motion for summary judgment – the one at issue in this appeal – evinces his intent to incorporate that affidavit into the record even though he did not file it a second time.

4

generally considered available when an inmate has been given a copy of a handbook describing those remedies, see Alexander v. Tippah Cnty., 351 F.3d 626, 630 (5th Cir. 2003), we believe it would be inappropriate to impute knowledge of the relevant administrative procedures to Illes based on possession of a handbook four years before the incident giving rise to his grievance occurred. Notably, Illes spent a significant amount of time at another facility in the interim and there is no indication that he ever used LCP's administrative process in the past.[2]

More importantly, Illes contends that prison staff told him that there were no grievance procedures and that, at most, he could write the Warden if he sought to contest his placement in the SMU. That fact, which has not been refuted by the defendants – and which, regardless, must be viewed in Illes's favor under the applicable standard – supports Illes's contention that LCP's administrative remedies were unavailable because he was misinformed by prison staff about the existence and/or scope of those remedies. See Brown, 312 F.3d at 112 (factual issue existed as to exhaustion when prisoner contended that "he relied to his detriment on the defendants' erroneous or misleading instructions" concerning the applicable grievance process); see also Dillon, 596 F.3d at 268 ("When a prisoner has no means of verifying prison officials' claims about the administrative grievance process, incorrect statements by officials may indeed make remedies unavailable."). Thus, even if knowledge of LCP's procedure could be inferred

---

[2] According to the defendants, the relevant procedures have not changed during those four years.

from Illes's prior period of incarceration, which is highly doubtful, that knowledge would have been superseded by prison officials' erroneous statements to him about the grievance process. Furthermore, Illes exhausted the only remedy he believed to be available to him based on prison officials' representations. Accordingly, the District Court erred in granting summary judgment on the issue of exhaustion.[3]

The defendants urge us to affirm on the alternative basis that Illes's claims fail on their merits. Illes moved to quash that argument, which he characterizes as an untimely cross-appeal. We will deny Illes's motion because a party may argue for affirmance on alternative grounds without filing a cross-appeal, provided that the same arguments were raised before the District Court. See Smith v. Johnson & Johnson, 593 F.3d 280, 283 n.2 (3d Cir. 2010). However, since the District Court never reached the merits of Illes's claims, we believe it would be preferable for the District Court to address them in the first instance on remand.

For the foregoing reasons, we will vacate the District Court's grant of summary judgment to the defendants on the issue of exhaustion and remand for further proceedings. Illes's motion to have his appeal decided without oral argument is granted.

---

[3] The defendants suggest that Illes should have requested an LCP handbook and/or attempted to appeal his grievance once he returned to state prison. However, if Illes was told that there was no grievance procedure, it is unclear why he should have been expected to utilize that procedure or track down information about it. Furthermore, although the defendants contend that Illes never requested a handbook while in the SMU, that factual dispute must be resolved in Illes's favor at this stage of the litigation.