NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2278
_____

HERMAN WENZEL; CHRISTINE WENZEL, h/w as assignees
of CHARLES SWENSEN and K & C CONVERSIONS, INC.

v.

NAUTILUS INSURANCE COMPANY


Herman Wenzel and Christine Wenzel,
                                                                          Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-10-cv-06270)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2012

Before:  FUENTES, SMITH and JORDAN, *Circuit Judges*.

(Filed: April 6, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Herman and Christine Wenzel appeal the summary judgment granted by the United States District Court for the District of New Jersey in favor of Nautilus Insurance Company on the Wenzels' claim for coverage for a fire that damaged a motor home and trailer manufactured by K & C Conversions, Inc. Because the District Court correctly determined that the insurance policy is clear and that it does not provide coverage for the loss, we will affirm.

## I.    Background[1]

The Wenzels placed an order for a motor home and trailer manufactured by K & C Conversions, Inc. (collectively with its president and chief officer, Charles Swensen, "K & C"). The Wenzels took delivery in May of 2006 and immediately began to experience problems with the motor home and trailer due to defects, safety hazards, and substandard components. A month after delivery, those problems resulted in the motor home spontaneously catching fire while the Wenzels were driving on the New Jersey Turnpike. The motor home and trailer, along with items inside the home and a race car attached to the trailer at the time of the fire, were damaged. As a result of the fire, the Wenzels lost income because they were unable to participate in various car races across the country.

The Wenzels brought suit against K & C in the Superior Court of New Jersey, Law Division, seeking damages resulting from the fire. The parties settled the litigation in an agreement setting the sum of damages at $1,376,405.00. K & C was insured

---

[1] Because we are reviewing a grant of summary judgment, we recount the facts in the light most favorable to the non-movants, the Wenzels. *See Harrison Aire, Inc. v. Aerostar Int'l, Inc.*, 423 F.3d 374, 377 (3d Cir. 2005).

through a commercial general liability policy (the "Policy") issued by Nautilus Insurance Company ("Nautilus"). As a part of the settlement, K & C assigned to the Wenzels its right to collect the settlement amount from Nautilus. The Wenzels, in turn, agreed not to pursue the settlement amount from K & C.

Because Nautilus denied coverage, the Wenzels brought suit against it in the District Court, seeking to collect the settlement amount. Nautilus filed a motion to dismiss the complaint under Rule 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56, claiming that a Policy exclusion applied.

The Policy broadly provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."[2] (App. at 114.) The parties focused on three exclusions to coverage within the Policy – provisions 2(k), 2(l), and 2(j)(6). Provision 2(k) excludes from coverage "'[p]roperty damage' to 'your [i.e., K & C's] product' arising out of it or any part of it … ."[3] (App. at 117.) Similarly, provision 2(l) excludes

---

[2] "'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (App. at 123.) "'Property damage' means: a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it." (App. at 126.)

[3] The Policy's references to "your" indicate the insured, K & C. "'Your product' means: a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by: (1) You; (2) Others trading under your name; or (3) A person or organization whose business or assets you have acquired; and b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products." (App. at 126.)

"'[p]roperty damage' to 'your work' arising out of it or any part of it." [4] (*Id*.) Provision 2(j)(6) excludes from coverage "any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." (*Id*.) The Policy provides for a limitation to exclusion 2(j)(6), however, indicating that it does not exclude "'property damage' included in the definition for 'products-completed operations hazard'." (*Id*.) The products-completed operations hazard is, in turn, defined as "all 'bodily injury' and 'property damage' occurring away from [K & C's] premises … and arising out of 'your product' or 'your work.'" (App. at 125.)

Nautilus argued that "the property damage for which [the Wenzels, standing in K & C's shoes,] seek coverage is … the insured's products and/or work," (App. at 22) and that such damage is excluded under provisions 2(k) and 2(l). The Wenzels conceded that they seek to recover for damage to the motor home and trailer, but argued that there was coverage under the products-completed operations hazard provision, which includes "all 'bodily injury' and 'property damage' occurring away from [K & C's] premises … and arising out of 'your product' or 'your work.'" (App. at 125.) The products completed-operations hazard provision, however, stands as a limitation to provision 2(j)(6), not an affirmative grant of coverage.

The District Court granted Nautilus's motion, entering summary judgment on the grounds that the Policy was clear and that it excluded coverage for business risks, that is: damage to K & C's products due to defective workmanship.

---

[4] "'Your work' means: a. Work or operations performed by you or on your behalf; and b. Materials, parts or equipment furnished in connection with such work or operations." (App. at 126.)

## II.    Discussion[5]

The Wenzels continue to argue that the losses resulting from the fire should be covered under the products-completed operations hazard provision. The Policy, excluding coverage for "'[p]roperty damage' to 'your product' arising out of it or any part of it," (App. at 117) however, forecloses that argument. A commercial general liability policy, such as the one issued by Nautilus in this case, is "not intended to serve as a performance bond or a guaranty of goods or services." *Hartford Accident & Indem. Co. v. Pac. Mut. Life Ins. Co.*, 861 F.2d 250, 253 (10th Cir. 1988).

The Wenzels argue that the products-completed operations hazard limitation to exclusion 2(j)(6) abrogates provision 2(k) and allows for coverage. The District Court correctly determined that such an argument is foreclosed, however, because, in New Jersey, a limitation to one exclusion of an insurance policy cannot restrict the scope of an entirely different exclusion. *See Weedo v. Stone-E-Brick, Inc.*, 405 A.2d 788, 795 (N.J. 1979) ("Each exclusion is meant to be read with the insuring agreement, independently of every other exclusion." (citation and alteration omitted)). The products-completed operations hazard provision "when read with the two exclusions, does not provide coverage for faulty workmanship … ." *Am. Home Assurance Co. v. AGM Marine Contractors, Inc.*, 379 F. Supp. 2d 134, 137 (D. Mass. 2005). Thus, because the

---

[5] The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting summary judgment is plenary. *Curley v. Klem*, 298 F.3d 271, 276 (3d Cir. 2002). "A grant of summary judgment is appropriate where the moving party has established that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law." *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 266 (3d Cir. 2005) (internal quotation marks and citation omitted).

Wenzels' claim is for "property damage resulting from an 'occurrence' caused by the insured's completed product or work," (Appellants' Opening Br. at 16), the District Court correctly granted summary judgment in favor of Nautilus.

### III. Conclusion

For the forgoing reasons, we will affirm.