**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2309

_____

EVELYN HEATH, CHIEF INSPECTOR,
Appellant

v.

THE CITY OF PHILADELPHIA;
COMMISSIONER SYLVESTER JOHNSON;
COMMISSIONER CHARLES RAMSEY;
COMMISSIONER RICHARD ROSS;
DEPUTY COMMISSIONER JOHN GAITTENS;
DEPUTY COMMISSIONER WILLIAM BLACKBURN;
DEPUTY COMMISSIONER PATRICIA GIORGIO-FOX;
DEPUTY COMMISSIONER DENISE TURPIN;
CHIEF INSPECTOR CHRISTOPHER FLACCO;
CAPTAIN JOHN MCGINNIS

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-05302)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2022

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: September 19, 2022)

---

## OPINION*

---

KRAUSE, *Circuit Judge*.

Appellant Evelyn Heath, now-retired Chief Inspector for the Philadelphia Police Department ("PPD"), brought this suit against the City of Philadelphia and various former PPD officials (collectively, "Appellees") for purported violations of Title VII, 42 U.S.C. § 2000e *et seq.*, the Equal Protection Clause of the Constitution, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. and Cons. Stat. § 951 *et seq.* The District Court granted summary judgment in favor of Appellees, dismissing Heath's claims as untimely. We will affirm.

## I. Discussion[1]

Because resolution of this appeal turns on timeliness, we first set out the applicable statutes of limitations for Heath's various causes of action before considering whether the claims are time-barred.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary, *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 418 (3d Cir. 2013), and we apply the same standard, viewing the facts and making all reasonable inferences in the non-movant's favor, *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 266–67 (3d Cir. 2005).

Heath's equal protection claim, asserted under 42 U.S.C. § 1983, is governed by Pennsylvania's two-year personal injury statute of limitations. *See Lake v. Arnold*, 232 F.3d 360, 368–69 (3d Cir. 2000); 42 Pa. Stat. and Cons. Stat. § 5524. Because Heath filed this lawsuit on October 7, 2016, the statute of limitations bars any equal protection claim arising out of conduct that occurred prior to *October 7, 2014*. Title VII requires a claimant to file a charge with the EEOC within 300 days of the complained-of unlawful employment practice, and to file any private action within 90 days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013). Heath filed a charge of discrimination with the EEOC on December 1, 2015, so the statute of limitations bars any Title VII claim arising out of conduct predating *February 4, 2015*. Finally, a plaintiff "is precluded from judicial remedies under the PHRA" if she "fails to file a timely [administrative] complaint," so Heath's PHRA claim must be dismissed because there is no evidence in the record that Heath filed an administrative complaint here. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).

Heath's earliest allegations of discrimination date back to 2006, when she was fired by the PPD and then reinstated in a union-grievance arbitration. Heath sued the city in 2008 over this termination, but later dismissed the case without prejudice, pursuant to a joint stipulation that purported to toll the statute of limitations for claims asserted in the 2008 litigation.

Heath now argues that this stipulation allowed her to pursue otherwise untimely claims arising out of her 2006 termination. The District Court determined that these

claims were barred by the doctrine of laches, and we agree. We review the District Court's application of laches for abuse of discretion, *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226 (3d Cir. 2007), and where, as here, "the analogous statute of limitations has run," the burden is on the "plaintiff [to] disprove both [the] delay and prejudice [elements] to avoid the laches defense," *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 222 n.13 (3d Cir. 2021).

Heath has failed to carry that burden. She provided no explanation for the 16-year delay in pursuing these claims, stating only that "there was just a lot going on in my life and emotionally I just couldn't get my act together enough to pursue [the 2006 termination claims] until I was ready to do it again," JA 168, and she conceded that witnesses and relevant documents were "difficult to obtain given [the] timeframes of the matters at issue," JA 727. As such, the District Court did not abuse its discretion in concluding that the doctrine of laches bars claims relating to her 2006 termination.[2]

Next, Heath claims that she was constructively discharged on March 20, 2015, the day she officially retired. But "a constructive-discharge claim accrues—and the limitations period begins to run—when the employee gives notice of h[er] resignation, not on the effective date of that resignation." *Green v. Brennan*, 578 U.S. 547, 564 (2016). Thus, Heath's constructive discharge claim accrued, at the very latest, on March

---

[2] Heath argues that laches is inapplicable to federal statutory discrimination claims, but the Supreme Court has recognized that the doctrine can apply in this context. *See, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121–22 (2002).

21, 2011, when she gave irrevocable notice of her retirement, not four years later, when her retirement became effective. This claim is therefore time-barred.

Heath also relates numerous discriminatory and retaliatory acts that she purportedly experienced in the workplace prior to her retirement. Regardless of whether the record supports these alleged misdeeds, however, the latest any of them could have occurred is January 24, 2014, when Heath went out on sick leave, never to return to work again, so these acts are barred by more than six months under the longest of the statutes of limitations.

Nor can Heath's claims be salvaged by the continuing violations doctrine. That doctrine allows a "court [to] grant relief for . . . earlier related acts that would otherwise be time barred" if the "defendant's conduct is part of a continuing practice" of discrimination and "the last act evidencing the continuing practice falls within the limitations period," *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)), but does not apply to "isolated, sporadic, or discrete" acts—such as retaliation, wrongful discipline, or termination—and so generally applies only to hostile work environment claims, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107, 114 (2002); *see also O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). But Heath identifies only "discrete" acts, such as disputes with her neighbors, disciplinary proceedings, and that the PPD made her return a City-issued police car. *Morgan*, 536 U.S. at 114; *see Tearpock-Martini*, 756 F.3d at 236. And in any event, Heath, having left the workplace permanently in January 2014, did not experience

5

*any* work environment during the actionable time frame, let alone a hostile one. *See Overly v. KeyBank Nat. Ass'n*, 662 F.3d 856, 864 (7th Cir. 2011) (post-employment activity "cannot establish a hostile environment").

That leaves Heath to rest her discrimination claims on those few discrete acts that fall within the limitations period, but because all are based on conclusory allegations, she fails to "set forth specific facts such that a reasonable jury could find" in her favor and so none are sufficient for her claims to survive summary judgment. *Hugh v. Butler Cnty. Fam. YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). For example, Heath fails to identify a comparator who is alike in relevant aspects, identifies no evidence that these acts constituted differential treatment, and points to no evidence that gender was the impetus for any purported differential treatment. Heath thus failed to raise a disputed issue of material fact as to any of the alleged acts that are not time-barred.

Because Heath's claims are either barred by the applicable statutes of limitations or insufficiently supported to survive summary judgment, the District Court properly granted summary judgment to Appellees on all counts.

## II.    Conclusion

For the foregoing reasons, we will affirm.