NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1093
_____

JAMES MCKEEVER,
Appellant

v.

TOWNSHIP OF WASHINGTON; MAYOR AND COUNCIL OF
THE TOWNSHIP OF WASHINGTON; MATTHEW LYONS

Appeal from the United States District Court
for the District of New Jersey
(No. 0312-1:1-09-cv-01175)
District Judge: Hon. Robert B. Kugler

Submitted Pursuant to Third Circuit LAR 34.1(a)
Tuesday, November 15, 2011

Before: McKEE, *Chief Judge*, RENDELL, and AMBRO, *Circuit Judges*

(Opinion Filed: March 28, 2012)

OPINION

McKEE, *Chief Judge*.

James McKeever appeals the district court's grant of summary judgment

dismissing various claims that arose from his termination as his township's Director of

Public Works. For the reasons that follow, we will affirm.


**I.**


1

Because we write primarily for the parties, we will only set forth those facts that are helpful to our discussion of the issues.

McKeever filed this suit against the Township of Washington, its mayor, and the Township Council. He alleges, *inter alia*, that Mayor Matthew Lyons discriminated against him on the basis of his political affiliation, and that Lyons declined to reappoint him in retaliation for his 2001 lawsuit against the Township. McKeever claims both actions violate the First and Fourteenth Amendments to the United States Constitution.[1] The district court granted the defendants' motion for summary judgment, and this appeal followed.[2]

## II.

We exercise plenary review over a district court's grant of summary judgment. *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Viewing the evidence "in the light most favorable to the non-moving party and [making] all reasonable inferences in that party's favor," *Galli*, 490 F.3d at 270 (citing *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)), the court may grant summary judgment if the non-moving party "fails to make a showing sufficient to

---

[1] McKeever also asserted political discrimination and retaliation claims under Article One of the New Jersey Constitution; however, the state law claims were not pursued on appeal.

[2] The district court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.

To make out a *prima facie* case of political patronage discrimination, a plaintiff "must show that (1) [he] was employed at a public agency in a position that does not require political affiliation, (2) [he] was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision." *Galli*, 490 F.3d at 271. The third prong requires proof that the employer knew of the plaintiff's political affiliation and that the affiliation caused the adverse action. *Id.* at 275 (citing *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 664 (3d Cir. 2002)). Once the plaintiff establishes a *prima facie* case, the burden shifts to the employer to prove "by a preponderance of the evidence that the same employment action would have been taken even in the absence of the protected activity." *Id.* at 271 (quoting *Stephens v. Kerrigan*, 122 F.3d 171, 176 (3d Cir. 1997)) (internal quotation marks omitted). "[A]dverse employment actions taken against public employees merely to make positions available for political supporters could amount to political discrimination." *Id.* at 273 (quoting *Bennis v. Gable*, 823 F.2d 723, 731 (3d Cir. 1987)) (internal quotations marks omitted).

The district court correctly concluded that McKeever had satisfied the first two prongs of the test but the record did not support the conclusion that his political affiliation

3

was a substantial or motivating factor in Mayor Lyons's decision not to reappoint him.[3] McKeever argues that Lyons's decision to appoint Nicholas Pileggiwas motivated by (1) Nick Petroni's sponsorship of Pileggi's candidacy and (2) McKeever's affiliation with the Moriarty faction of the local Democratic Party.  However, even if we assume *arguendo* that Lyons knew of McKeever's affiliation with the Moriarty faction, the record would not support a finding that this affiliation was a substantial or motivating factor in Lyons's decision not to reappoint McKeever.  In fact, Lyons stated in a sworn affidavit that he selected Pileggi because of Pileggi's business and financial experience, and there is nothing in the record to rebut that.

The record indicates that Petroni, a major contributor to Lyons's campaign, informed Pileggi of an opening for the position of Business Administrator of Washington Township and that Petroni, Pileggi, and Lyons met to discuss the possibility of Pileggi being hired for that position.These facts alone do not demonstrate that Petroni induced Lyons to hire Pileggi as Director of Public Works.  There is no dispute that the Director of Public Works position was not discussed at that meeting; only the position of Business Administrator was discussed.  Thus, even if a reasonable jury could arguably have inferred that Petroni attempted to influence Lyons's decision to hire Pileggi as Business Administrator during the first meeting, no reasonable jury could infer that Petroni

---

[3] McKeever contends that the district court applied the wrong standard in determining whether he had established the third element of his *prima facie* case.  This argument is based on a misinterpretation of the district court's opinion.  The district court applied the correct standard in determining causation.

influenced Lyons's decision to appoint Pileggi as Director of Public Works.[4] That

conclusion is supported only by speculation. Thus, the district court did not err in holding

that McKeever failed to establish the third element of his *prima facie* case.

**IV.**

To make out a *prima facie* case of retaliation in violation of the First Amendment

under 42 U.S.C. § 1983, McKeever must show:

> (1) that [he] engaged in a protected activity, (2) that defendants'
> retaliatory action was sufficient to deter a person of ordinary
> firmness from exercising his or her rights, and (3) that there was a
> causal connection between the protected activity and the retaliatory
> action. A defendant may defeat the claim of retaliation by showing
> that it would have taken the same action even if the plaintiff had not
> engaged in the protected activity.

*Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations and footnote

omitted). To establish the third element, "a plaintiff usually must prove either (1) an

unusually suggestive temporal proximity between the protected activity and the allegedly

retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal

link." *Id.* Failing that, "the plaintiff must show that from the evidence gleaned from the

record as a whole the trier of fact should infer causation." *Id.* (quoting *Farrell v. Planters

Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

McKeever relies on a statement in Lyons's deposition to support his assertion that

Lyons refused to reappoint him in retaliation for McKeever's lawsuit against the

Township. However, as noted by the district court, McKeever misconstrued Lyons's

---

[4] Lyons and Pileggi met a second time to discuss the Director of Public Works position; however, there is no dispute that Petroni was not present at that meeting.

testimony. Lyons stated that he opposed McKeever'sappointment in 2005 because he was uncertain whether McKeever's settlement agreement with the Township precluded McKeever from attaining tenure status upon reappointment and not because McKeever instituted suit against the Township. Lyons's explanation is supported by the minutes of the Township's 2005 reorganization meeting. During that meeting, Township council members, including then-councilman Lyons, voted on McKeever's appointment. The minutes indicate that McKeever's tenure status was the focus of the discussion that preceded the vote. Thus, the district court did not err in concluding that McKeever failed to establish a causal connection between his prior lawsuit and Lyons's decision to not reappoint him.

## V.

For the reasons stated above, we will affirm the district court's order granting summary judgment in favor of Appellees.

6