Marlene MCINTOSH, Plaintiff,

v.

WHITE HORSE VILLAGE, INC., Defendant.

Civil Action No. 15–5157

United States District Court, E.D. Pennsylvania.

Signed 04/04/2016

Filed 04/07/2017

Zachary J. Zahner, Ari Risson Karpf, Karpf, Karpf & Cerutti, P.C., Bensalem, PA, for Plaintiff.

Andrew P. Dollman, Glenn R. Davis, Latsha, Davis, Yohe & McKenna P.C., Mechanicsburg, PA, for Defendant.

## MEMORANDUM OPINION

Rufe, J.

Before the Court is the motion for partial summary judgment of Defendant White Horse Village, Inc. ("WHV") (Doc. No. 28), seeking dismissal of three of Plaintiff's four employment discrimination claims, to which Plaintiff has not responded. For the reasons that follow, the motion will be granted.

## I.  Factual Background [1]

Plaintiff has worked for WHV, a Continuing Care Retirement Community, as a licensed practical nurse ("LPN") since September 2010. Initially, Plaintiff worked for WHV as a "pool employee," meaning she only worked when WHV needed a substitute nurse, but she began working full-time as an LPN in late 2010. As a full-time employee, she was scheduled to work 32 hours per week and was eligible for employee benefits. Although full-time LPNs were expected to work on Sundays, Plaintiff requested and received an accommodation so that she could attend religious services on Sundays.[2]

In May 2014, Plaintiff requested and was approved for leave under the Family and Medical Leave Act ("FMLA")[3] so that she could undergo surgery on her foot. She was on medical leave until August 6, 2014, when she returned to work as a full-time employee. When she returned, she began working under a new Director of Nursing. The Director allegedly told Plaintiff that WHV was implementing a new policy whereby all nursing staff were re-

---

1. The factual background is taken from the Amended Complaint, the Court's April 7, 2016 Memorandum Opinion, and the parties' Joint Statement of Undisputed Facts.

2. Plaintiff is a member of the Community Bible Deliverance Kingdom Ministries, a Pentecostal church.

3. 29 U.S.C. 2601 et seq.

quired to work every other weekend.[4] Sometime after the new policy was introduced, Plaintiff's status changed from a full-time employee to a pool employee. As a pool employee, Plaintiff was no longer guaranteed 64 hours per two-week pay period.

Plaintiff alleges that she complained to Human Resources that her religious accommodation was denied and that she, as an African American, was being treated differently from Caucasian employees, who were not all required to work on Sundays. Plaintiff then filed an Equal Employment Opportunity Commission ("EEOC") complaint, and requested that it be cross-filed with the Pennsylvania Human Rights Commission ("PHRC"). On June 17, 2015, the EEOC issued a right to sue letter. On September 16, 2015, Plaintiff filed suit. After earlier motion practice, the following claims remain: (1) religious discrimination, religious-based retaliation, and failure to accommodate her religion (Count I); (2) race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Count II); race discrimination and retaliation in violation of 42 U.S.C. § 1981 (Count III); and (4) violations of the FMLA (Count IV). Defendant has moved for summary judgment.

## II. Standard of Review

A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."[5] A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law."[6] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7] In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[8] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[9] If, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[10]

The non-moving party's failure to respond to a motion for summary judgment is not sufficient to warrant a grant of summary judgment under Federal Rule of Civil Procedure 56. The Court "must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law."[11]

## III. Discussion

### A. Violations of Title VII and § 1981 (Counts II and III)

■ In Counts II and III, Plaintiff alleges that Defendant discriminated against

---

4. Plaintiff alleges in the Amended Complaint that her request for a religious accommodation was thereafter denied, and that she was treated rudely and suffered pretextual discipline under the new Director.

5. Fed. R. Civ. P. 56(a).

6. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

7. *Id.*

8. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

9. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

10. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

11. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)

her and retaliated against her on the basis of her race, in violation of Title VII and § 1981. Because "the substantive elements of a claim under [§ ] 1981 are generally identical to the elements of an employment discrimination claim under Title VII," the Court addresses Counts II and III together.[12]

There are two ways to prove discrimination under Title VII and § 1981: (1) pretext-based claims, which are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and (2) mixed-motive claims, which are analyzed under the framework set forth in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).[13]

Under a pretext claim, Plaintiff must show that race was a "determinative" factor in the employment decision.[14] Specifically, Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for the position of full-time nurse; and (4) she was replaced by similarly qualified applicants not of the protected class.[15] Assuming that the adverse employment action was Plaintiff's change in employment status from full-time to pool employee and that she was qualified (based on her previous full-time experience), Plaintiff has failed to establish a *prima facie* pretext claim because she has presented no evidence that she was replaced by a similarly qualified person who was not African-American. On the contrary, the parties agree that Plaintiff was replaced by an African-American woman.[16] Accordingly, summary judgment will be granted on this claim.

A mixed-motive claim is one where both legitimate and illegitimate reasons motivated the adverse decision, and requires showing that Plaintiff's race was a "motivating" factor in the employment decision.[17] To survive summary judgment on a mixed-motive claim, Plaintiff must set forth "sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence" that race was a motivating factor in her change in employment status.[18] Plaintiff has not set forth any evidence that her race was a motivating factor in her change in employment status, and therefore summary judgment in favor of Defendant will be entered on this claim.

Finally, a retaliation claim under Title VII or § 1981 requires Plaintiff to show that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action."[19] Plaintiff must produce evidence

---

12. *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–82 (3d Cir. 2009).

13. *Makky v. Chertoff*, 541 F.3d 205, 213 (3d Cir. 2008).

14. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016).

15. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

16. Joint Statement of Undisputed Facts [Doc. No. 29] ¶ 19.

17. *Connelly*, 809 F.3d at 788.

18. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (quoting 42 U.S.C. § 2000e–2(m)).

19. *Carvalho-Grevious v. Delaware State Univ.*, No. 15-3521, 851 F.3d 249, 2017 WL 1055567, at *4 (3d Cir. Mar. 21, 2017). Title VII's anti-retaliation provision states, in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or

"sufficient to raise the inference that her protected activity was the *likely reason*" for her change in employment status.[20] The Court has not been presented with any evidence that suggests that Plaintiff engaged in protected activity with respect to her race,[21] let alone a causal connection between protected activity and her change in employment status. Accordingly, summary judgment will be granted on this claim.

## B. Violations of the FMLA (Count IV)

In Count IV, Plaintiff alleges that Defendant committed interference and retaliated against her in violation of the FMLA. To succeed on a FMLA interference claim, Plaintiff must establish, *inter alia*, that she was eligible for FMLA leave, she was entitled to FMLA leave, and she was denied benefits to which she was entitled under the FMLA.[22] Plaintiff has not established these requirements, and in fact, the parties agree that Plaintiff requested and was granted FMLA leave.[23] Thus, summary judgment will be granted on Plaintiff's FMLA interference claim.

To establish a *prima facie* FMLA retaliation case, Plaintiff must establish that "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights."[24] "The Third Circuit has articulated two factors relevant to the analysis of establishing the causal link between the adverse employment decision and the FMLA leave: (1) a showing that the two events were close in time or (2) evidence of ongoing antagonism toward the employee."[25]

Plaintiff has not established a *prima facie* FMLA retaliation claim because she has not set forth evidence to show a causal connection between her FMLA leave and her change in employment status. She has shown neither that her change in employment status occurred in close temporal proximity to her FMLA leave, nor that there had been ongoing antagonism toward her. Accordingly, summary judgment will be entered on her FMLA retaliation claim.

## III. Conclusion

For the reasons set forth herein, Defendant's motion for summary judgment on Counts II–IV will be granted. An appropriate order follows.

because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a).

20. *Id.* at *6 (quoting *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1997)).

21. *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) ("The complaint must allege that the opposition was to discrimination based on a protected category, such as age or race").

22. *Capps v. Mondelez Glob. LLC*, 147 F.Supp.3d 327, 334 (E.D. Pa. 2015) (citing *Ross v. Gilhuly*, 755 F.3d 185, 191–92 (3d Cir. 2014)).

23. Joint Statement of Undisputed Facts [Doc. No. 28] ¶ 7.

24. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012).

25. *Capps*, 147 F.Supp.3d at 336.