**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1152

_____

MARK BERRADA,
                                            Appellant

v.

GADI COHEN; PNY TECHNOLOGIES, INC.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-16-cv-00574)
District Judge: Hon. Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 3, 2019
_____

Before: SHWARTZ, SCIRICA, and FUENTES, Circuit Judges

(Filed: October 31, 2019)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Mark Berrada sued PNY Technologies, Inc., ("PNY") and its founder Gadi Cohen (collectively, "Defendants") for their alleged failure to pay him for services he rendered. Because the District Court properly granted summary judgment for Defendants and correctly denied Berrada leave to amend his complaint to add a Fair Labor Standards Act ("FLSA") retaliation claim, we will affirm.

I

PNY sells computer peripheral and electronics accessory products, an area in which Berrada has sales experience. In August and September 2013, Berrada and Cohen discussed Berrada providing services to PNY, including selling shredders (which PNY had not previously sold). The parties entered into an oral agreement in September 2013 where PNY was to pay Berrada $15,000 a month and reimburse his business expenses, and Berrada would submit invoices for payment. Berrada alleges that PNY also agreed to pay him certain percentages from the sales and profits of select products ("percentage payments"). Berrada began providing services around October 2013, but he did not begin submitting invoices until April 2014.

In July 2014, PNY offered Berrada employment as Vice President, Mobility Business Unit. Berrada alleges that he returned a signed copy of the written offer with certain terms crossed out. He further alleges that this 2014 agreement provided him compensation, in addition to the 2013 agreement, of "(a) .5% of sales to existing customers of PNY's products; (b) 1% on sales to new customers of PNY's products; (c) [an] annual base salary of $120,000.00;" and (d) insurance, paid leave, and participation in PNY's 401(k) plan. App. 159. Berrada contends that he worked as PNY's Vice

2

President from July 2014 to November 2014. Defendants, on the other hand, assert that employment negotiations continued with Berrada, culminating in the offer of a position as an independent sales representative, which Berrada declined.

Berrada stopped working for Defendants in November 2014.[1] Berrada submitted invoices for work under the 2013 agreement for services rendered from October 2013 through October 2014 and was paid $15,000 per month, plus expenses.

Berrada claims that he was not paid the percentage payments under the 2013 agreement or any compensation under the 2014 agreement and sued Defendants for breach of contract, unjust enrichment, promissory estoppel, and quantum meruit, as well as violations of the FLSA, the New Jersey Wage Payment Act ("NJWPA"), N.J. Stat. Ann. § 34:11-4.1, the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a1, and the New Jersey Sales Representative' Rights Act ("NJSRRA"), N.J. Stat. Ann. § 2A:61A-1. Defendants asserted various counterclaims.

Berrada moved to amend his complaint to add, among other things, an FLSA retaliation claim. The Magistrate Judge denied Berrada's motion, Berrada v. Cohen, No. 16-574, 2017 WL 1496930, at *6-7 (D.N.J. Apr. 24, 2017), and a subsequent motion to reconsider, Berrada v. Cohen, No. 16-574, 2017 WL 6029598, at *1-2 (D.N.J. Dec. 5, 2017). The District Court affirmed both rulings. Berrada v. Cohen, No. 16-574, 2018 WL 1837916, at *18 (D.N.J. Apr. 17, 2018).

---

[1] Berrada points to no evidence in the record that he performed services after November 2014.

3

Defendants moved for summary judgment on Berrada's claims, which the District Court granted. Berrada v. Cohen, No. 16-cv-574, 2018 WL 4629569, at *1 (D.N.J. Sept. 27, 2018). Berrada appeals the Court's orders granting summary judgment, denying leave to amend, and denying reconsideration.

II[2]

A

We first address Berrada's claim that Defendants breached the 2013 contract by failing to make percentage payments. Defendants deny that the 2013 contract included percentage payments, but Berrada argues that his own testimony establishes that Defendants agreed to make such payments and thus there is a disputed factual issue that precludes summary judgment.

To defeat summary judgment on this claim, Berrada must make "a sufficient showing" that percentage payments were a term in the 2013 oral contract. See Moody v. Atl. City Bd. of Educ., 870 F.3d 206, 213 (3d Cir. 2017) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Although [a non-movant] is entitled to the benefit of all reasonable factual inferences at this stage, [he] must nevertheless point to some

_____

[2] The District Court had jurisdiction over Berrada's FLSA claim under 28 U.S.C. § 1331 and jurisdiction over Berrada's New Jersey law claims under § 1367(a). We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review of the District Court's order granting summary judgment. Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015). We apply the same standard as the District Court, viewing facts and drawing all reasonable inferences in the non-movant's favor. Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

evidence in the record to support [his] factual assertions." Gillispie v. RegionalCare Hosp. Partners Inc., 892 F.3d 585, 594 (3d Cir. 2018), petition for cert. docketed No. 18-1299 (Dec. 29, 2018). "As a general proposition, conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012) (internal quotation marks and citation omitted). If testimony is "blatantly contradicted by the record," then "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

Berrada offers no corroboration for his testimony that PNY offered him the percentage payments, and, more importantly, his testimony is contradicted by indisputable evidence. He asserts that his oral statements are sufficient and that the percentage payments allegedly were not committed to writing because "other long term executives were not paid in that manner or at the levels which Berrada could reach." App. 158. Yet, PNY's 2014 employment offer letter to him belies this claim as it contains proposed percentage payments that PNY would pay him. Second, despite Berrada's assertion that he asked for those percentage payments, his invoices show that he sought only his monthly payments and expenses, and he never invoiced for the alleged percentage payments. Thus, the District Court properly granted summary judgment for Defendants on his 2013 contract claim.

B

Berrada's 2014 contract claim also fails. The record does not show Berrada accepted the 2014 offer but rather reveals he sought to change the offer through a

5

counteroffer. Thus, there was no enforceable contract.[3] "New Jersey courts require 'an unqualified acceptance' to conclude the manifestation of mutual assent" necessary to form a contract. Elliott & Frantz, Inc. v. Ingersoll-Rand Co., 457 F.3d 312, 323 n.9 (3d Cir. 2006) (quoting Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992)). Further, the parties must agree on all "essential terms." Weichert, 608 A.2d at 284.

Berrada manifested a rejection of essential terms in the offer letter by crossing them out. See Morton v. 4 Orchard Land Tr., 849 A.2d 164, 171 (N.J. 2004) ("An expression of assent that modifies the substance of the tender, while it may be operative as a counter-offer . . . does not consummate a contract." (citation omitted)). First, Berrada crossed out a provision that commissions could be changed by PNY, which would materially affect his compensation. Second, Berrada crossed out a statement that "[t]his letter contains all of the terms of the offer of employment" and "supersedes any other representation or offers." App. 176. This integration clause defined the terms that would govern the parties' relationship. Third, Berrada crossed out statements that the employment would be at-will. The difference between at-will employment and employment where parties have agreed on fixed terms implicates when and for what reasons an employee can be discharged, Mita v. Chubb Comput. Servs., Inc., 767 A.2d

---

[3] Berrada also argues that he had an "enforceable verbal agreement" or an implied-in-fact contract. Appellant's Br. at 24-25. Berrada's complaint asserted a breach of "express terms" of the July 16, 2014 written offer, App. 165, and so we will not consider an unpled implied-in-fact contract claim. See Green Country Food Market, Inc. v. Bottling Grp., LLC, 371 F.3d 1275, 1279 (10th Cir. 2004) (declining to consider theory of liability at the summary judgment stage when the complaint did not adequately encompass that theory).

989, 994 (N.J. Super. Ct. App. Div. 2001). Because Berrada modified essential terms of the July 2014 employment offer, he did not accept the offer that was conveyed. Morton, 849 A.2d at 171. Because no contract was formed, the District Court properly granted summary judgment for Defendants on Berrada's 2014 contract claim. [4]

C

Berrada also claims that Defendants fraudulently induced him to enter into the 2013 contract. A plaintiff can establish fraud by proving that the defendant made a statement upon which a plaintiff relied to enter an agreement but the defendant had "no intention at the time he ma[de] the statement of fulfilling the promise." Notch View Assocs. v. Smith, 615 A.2d 676, 682 (N.J. Super. Ct. 1992). "This intention may be derived from circumstantial evidence . . . ." Stochastic Decisions, Inc. v. DiDomenico, 565 A.2d 1133, 1137 (N.J. Super. Ct. App. Div. 1989). However, "mere proof of nonperformance does not prove a lack of intent to perform." Id.

Many of Berrada's fraud allegations concern Defendants' failure to pay the allegedly contractually agreed-upon percentage payments. Under the economic loss doctrine, which "prohibits plaintiffs from recovering in tort economic losses to which entitlement only flows from contract," Berrada may not seek recovery for Defendants'

---

[4] Because Defendants owe no wages to Berrada, his claims under the NJWPL and NJSRRA also fail. N.J. Stat. Ann. § 2A:61A-2 (setting forth deadline for payment of "commissions and other compensation earned"). In addition, because Berrada's quasi-contract claims for unjust enrichment, promissory estoppel, and quantum meruit essentially assert that Defendants did not adequately compensate him for services he provided, and the 2013 agreement governed his compensation, his quasi-contract claims fail.

alleged failure to perform under the contract through a fraud claim. RNC Sys., Inc. v. Modern Tech. Grp., Inc., 861 F. Supp. 2d 436, 451 (D.N.J. 2012). Furthermore, to the extent Berrada asserts that Defendants fraudulently induced him to agree to the 2013 contract, his claim fails. Viewed in the light most favorable to Berrada, the record indicates that the shredder business that PNY asked Berrada to cultivate simply did not catch on and the record does not reveal Defendants never planned to let Berrada develop that business. Because Berrada has failed "to establish the existence of an essential element of [his] case on which [he] bears the burden of proof at trial," Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014), the District Court properly granted summary judgment on Berrada's fraud claim.

D

We next address Berrada's FLSA claim.[5] The FLSA exempts from its coverage "highly compensated employees." As relevant here, such an employee must receive "annual compensation of at least $100,000," 29 C.F.R. § 541.601(a) (2014), and be paid "at least $455 per week paid on a salary or fee basis," id. § 541.601(b)(1).[6]

The parties dispute only whether Berrada was paid on a salary basis. 29 C.F.R. § 541.601(b)(1). "An employee will be considered to be paid on a 'salary basis' . . . if the

---

[5] Berrada makes no mention of his NJWHL claim before us, so it is waived. Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 230 n.17 (3d Cir. 2016).

[6] The Department of Labor amended these rules in 2016. Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 81 Fed. Reg. 32,391 (May 23, 2016). Because there is no indication that the 2016 rule changes apply retroactively, id. at 32,399 (setting effective date of rule change for December 1, 2016), we apply the rules in effect at the time Berrada's claim arose. Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988); see also Davis v.

8

employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." Id. § 541.602(a). Berrada was to be paid $15,000 monthly upon submitting invoices to PNY, which would qualify as "paid on a 'salary basis.'" Id.; see also Faludi v. U.S. Shale Sols., L.L.C., -- F.3d --, No. 17-20808, 2019 WL 3940878, at *4 (5th Cir. Aug. 21, 2019) (concluding that an employee who submitted invoices to receive his salary was "paid on a salary basis"). Berrada claims that because Defendants failed to pay him from September 2013 through March 2014 and November 2014 through March 2015, he was not paid "regularly." 29 C.F.R. § 541.602(a). As to the September 2013-March 2014 period, however, Berrada received no payment because he did not submit invoices until April 2014. Similarly, assuming he worked for, and his complaint seeks payment from, PNY during the November 2014-March 2015 period, he was not paid for this time because he did not submit invoices.[7] Berrada's failure to regularly submit invoices is the reason he received pay irregularly, but this does not mean he was not paid

---

Mountaire Farms, Inc., 453 F.3d 554, 557 n.2 (3d Cir. 2006) (remanding to apply FLSA regulations in effect at the time of the relevant conduct).

[7] Berrada did not argue to the District Court that the 2013 contract cannot address his compensation after July 2014 and so that argument is waived. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).

9

"regularly," as contemplated by the FLSA exemption. Therefore, the District Court correctly granted summary judgment in Defendants' favor on Berrada's FLSA claim.

III

Berrada also appeals the District Court's order denying him leave to amend his complaint to add an FLSA retaliation claim and the corresponding order denying reconsideration. The Court properly denied these motions because amendment would have been futile.[8]

Regardless of whether Berrada were subject to the FLSA, he has not shown Defendants retaliated against him for invoking its terms. An FLSA retaliation claim requires a plaintiff to prove, among other things, that the employer took an adverse action "either after or contemporaneous with the employee's protected activity." Moody, 870 F.3d at 220 (internal alterations and citation omitted) (Title VII retaliation elements); see also 29 U.S.C. § 215(a)(3) (FLSA retaliation provision); Davreau v. Detecon, Inc., 515 F.3d 334, 340 (4th Cir. 2008) (FLSA retaliation elements); Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000) (same). As the District Court noted, courts are split

---

[8] Because an appeal of a motion for reconsideration "brings up the underlying judgment for review," Quality Prefabrication v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982), "the standard of review for a denial of a motion for reconsideration varies with the nature of the underlying judicial decision," Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." U.S. ex rel. Schulmann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). As to this legal determination, our review is plenary." City of Cambridge Ret. Sys. v. Altisource Assert Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018) (internal quotation marks and citations omitted).

over whether filing a counterclaim is an adverse action. <u>Berrada</u>, 2017 WL 1496930, at *6 (collecting cases). Courts holding that a counterclaim can be an adverse action require that the counterclaim be "baseless." <u>Id.</u> (collecting cases).

Even assuming that filing a counterclaim could be an adverse action, the counterclaims here were not baseless. First, the counterclaims were compulsory, <u>see</u> Fed. R. Civ. P. 13(a)(1); <u>Baker v. Gold Seal Liquors, Inc.</u>, 417 U.S. 467, 469 n.1 (1974), and "there is nothing suspicious about" Defendants' counterclaims when the Rules required Defendants to assert them or risk waiving them, <u>Beltran v. Brentwood N. Healthcare Ctr., LLC</u>, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006). Second, while Berrada contests the facts alleged in the counterclaims, he never moved to dismiss them nor sought sanctions under Federal Rule of Civil Procedure 11 against Defendants for filing them. Thus, the counterclaims here were never shown to be baseless and thus filing them does not constitute an adverse action under the FLSA. Accordingly, the District Court correctly denied leave to amend Berrada's complaint to add an FLSA retaliation claim.

IV

For the foregoing reasons, we will affirm.

11