**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2550
_____

BRADLEY DAVIS,
Appellant

v.

WAWA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:24-cv-01533)
District Judge: Joshua D. Wolson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2026

_____

Before: SHWARTZ, MASCOTT, and McKEE, Circuit Judges.

(Filed: May 12, 2026)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Bradley Davis appeals the District Court's order granting summary judgment in favor of his former employer, Wawa, Inc. For the following reasons, we will affirm.

I

A

Davis worked at Wawa as a customer service associate. On September 10, 2022, Davis failed to report to work, and he thereafter received attendance coaching. Davis asserts that on September 13, he was stocking shelves when a supervisor rubbed his chest, touched the small of his back, rubbed his "lower buttocks," and "had his hand almost in the inside of [Davis's] pants." App. 73-75. Davis completed his shift, and Davis and the supervisor never interacted again. On September 17, Davis saw he was scheduled to work at the same time as the supervisor and, because he was not comfortable working with him, called the store to complain about the touching incident. The next day, Davis filed a complaint in person with the store's managers. The managers spoke with Davis and interviewed the supervisor, who said that he had only touched Davis's shoulder to move past him.

Davis failed to show up to work on September 22 and 24. He claims that he called the store on September 22, spoke with "a manager," and was "approved . . . not to come in." App. 83-85. He also stated that he called the store three times on September 24, but

no one answered or called him back. Because he failed to appear for work and did not inform his supervisors, Wawa terminated him.[1]

Davis complained to Wawa on September 29 about the incident with the supervisor and his termination. A Wawa senior associate relations specialist ("HR") called him on September 30 and October 4, but Davis did not answer. HR emailed Davis on October 5 but received no immediate response. Almost a month later, Davis provided HR with records of three phone calls to the Wawa store from the morning of September 24, but the records did not indicate who placed the calls or whether they were answered. HR thus determined Davis failed to provide a verifiable explanation for his apparent unexcused absences within the time allowed by Wawa's conflict resolution process.

B

Davis sued Wawa, alleging a hostile work environment based on his underlying claim of sexual harassment and retaliation due to his termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a)17, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951–963. Wawa moved for summary judgment, which the District Court granted.

On the hostile work environment claim, the District Court held that the incident of unwanted physical touching by a supervisor alleged was not severe enough to establish a

---

[1] A store manager testified that under Wawa's attendance policy, a no-call no-show followed by twenty-four hours of no contact from the employee justifies termination.

hostile work environment nor was there evidence that it "altered the conditions of Mr. Davis's employment such that it created an abusive working environment thereafter." Davis v. Wawa, No. 2:24-CV-01533-JDW, 2025 WL 2024488, at *2 (E.D. Pa. July 18, 2025) (citing Nitkin v. Main Line Health, 67 F.4th 565, 570 (3d Cir. 2023)). Regarding the retaliation claim, the Court held that Davis could not demonstrate that Wawa's purported reason for terminating him—his failure to report to work on September 22 and 24—was pretextual, or that he was terminated because he complained about sexual harassment. Id. at *3–4 (applying the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) three-step burden-shifting framework). The Court further observed that even if a jury believed that he had tried to call out on September 24, Wawa's mistaken belief that he failed to call to report his absence would be insufficient to demonstrate pretext. Id. at *4.

Davis appeals.

II[2]

A

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary, Mylan Inc. v. SmithKline Beecham Corp., 723 F.3d 413, 418 (3d Cir. 2013), and we view the facts and draw all reasonable inferences in the non-movant's favor, Hugh v. Butler Cnty. Fam. YMCA, 418 F.3d 265, 267 (3d Cir. 2005). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

4

To establish a hostile work environment claim based on sexual harassment, a plaintiff must show "1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of respondeat superior liability." Moody v. Atl. City Bd. of Educ., 870 F.3d 206, 213 (3d Cir. 2017) (quoting Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013)).[3] In evaluating such claims, courts consider, among other factors, the "frequency of the discriminatory conduct" and "whether it unreasonably interferes with an employee's work performance." Faragher v. City of Boca Raton, 524 U.S. 775, 787–88 (1998) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)). When a plaintiff alleges only an isolated incident, it must be "extremely serious" and "amount to a change in the terms and conditions of employment" to establish a hostile work environment. Id. at 788; Castleberry v. STI Grp., 863 F.3d 259, 264–65 (3d Cir. 2017) (holding that single incident of a racial slur accompanied by "threats of termination" could be severe enough to create a hostile work environment).

Davis's allegation of a single incident of unwanted physical touching by a supervisor is not serious enough for a reasonable juror to find that it resulted in a change in the terms and conditions of his employment. See, e.g., Bowman v. Shawnee State

---

[3] PHRA claims "are interpreted coextensively with Title VII claims." Atkinson v. LaFayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006).

5

Univ., 220 F.3d 456, 464–65 (6th Cir. 2000) (concluding that multiple incidents of alleged sexually harassing conduct by a supervisor across a number of years, including unwanted physical touching, were not sufficiently severe or pervasive to establish hostile work environment); Adusumilli v. City of Chicago, 164 F.3d 353, 361-62 (7th Cir. 1998) (reasoning that "four isolated incidents" of unwanted physical touching by a coworker— including "the most serious misconduct, the unwanted touching of [Appellant's] buttocks, [which] took the relatively mild form of a poke and occurred only once"—were insufficiently severe to create hostile work environment under Title VII).

Because Davis fails to show that he suffered severe or pervasive discrimination, Wawa is entitled to summary judgment on his hostile work environment claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

B

Davis's retaliation claim also fails. Wawa does not dispute that Davis established a prima facie case of retaliation. He has not, however, rebutted Wawa's "legitimate non-retaliatory reason for its" employment actions.[4] Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 257 (3d Cir. 2017) (citing Moore v. City of Philadelphia, 461 F.3d 331, 342 (3d Cir. 2006)). Davis has the burden to adduce evidence from which a factfinder could conclude "both that the employer's proffered explanation was false [that is, a

---

[4] A store manager testified that "a no-call no-show which 24 hours without contact would justify a termination" under Wawa's written attendance policy. SAppx. 124. Wawa's conflict resolution process is "the grievance process" for nonunion employees. SAppx. 128.

pretext], and that retaliation was the real reason for the adverse employment action.'" Id. (alteration in original) (quoting Moore, 461 F.3d at 342). This requires Davis to produce evidence casting doubt on the employer's proffered reasons or supporting the inference that discrimination more likely than not motivated the adverse employment action. Fuentes v. Perskie, 32 F.3d 759, 762 (3d Cir. 1994).

Davis has adduced no evidence from which a reasonable juror could infer that Wawa's asserted reasons for his termination and its failure to allow him to challenge his termination through the conflict resolution process were pretextual or that the actions were retaliatory. Davis argues that the temporal proximity between his complaint and termination is sufficient to show pretext, but the close timing does not demonstrate that Wawa's reasons were "implausib[le]."[5] Fuentes, 32 F.3d at 765. Rather, the undisputed record shows that (1) Davis was warned about his September 10 absence and, less than two weeks later, failed to come to work, and (2) his request to invoke the conflict resolution process was untimely.

Accordingly, Wawa is entitled to summary judgment on the retaliation claim.

III

For the foregoing reasons, we will affirm.

---

[5] The record supports that (1) Davis failed to report to work on September 24 without approval, (2) under Wawa's policy, "a no-call no-show" followed by twenty-four hours without contact justifies termination, SAppx. 124, and (3) he did not timely seek to participate in the conflict resolution process.